United States District Court
Southern District of Texas

**ENTERED**
July 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Valifornia, Inc., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-26-2890 |
| | § | |
| U.S. Bank, N.A., | § | |
| *Defendant*. | § | |

**ORDER DENYING PLAINTIFF'S
APPLICATION FOR INJUNCTIVE RELIEF**

Pending before the court is Plaintiff's Application for Injunctive Relief. ECF No. 19. The court has considered the motion, the responses, and the applicable law. The court has also considered the parties' oral arguments made during the July 6, 2026 hearing on the Application. For the reasons stated below, Plaintiff's Application for Injunctive Relief, ECF No. 19, is **DENIED**.

### 1. Background

On June 26, 2026, Plaintiff Valifornia, Inc. filed an Application for Injunctive Relief. ECF No. 19. Valifornia seeks to halt the foreclosure sale of 818 Kings Forest Lane, Richmond, Texas 77469 (Property), which is set to occur on July 7, 2026. *Id.* ¶ 8. It alleges that Defendant U.S. Bank, N.A. (U.S. Bank) failed to provide it with a copy of the Notice of Trustee's Sale, in violation of Rule 736 of the Texas Rules of Civil Procedure. *Id.* ¶ 15.

The Property was purchased from Wells Fargo Bank, N.A. by Carol E. Reed and Isaiah Reed in 2006. ECF No. 19 ¶ 8. Later that year, the Reeds refinanced their debt on the Property via a home equity loan, with Encore Credit Corp. as the lender. *Id.* ¶ 9. The home equity loan was secured by a Texas Home Equity

Adjustable Rate Note (Note) and a Texas Home Equity Security Instrument (Security Instrument). *Id.* Subsequently, the Note and Security Instrument were transferred to Defendant U.S. Bank, N.A., which, at present, continues to hold the home equity loan. *Id.* ¶ 10.

The Reeds transferred their interest in the Property to Harris Houston Homes, LLC, as Trustee of the Reed Family Trust, in 2018. ECF No. 19 ¶ 11. Five months later, Suniverse, LLC purchased the Property from Harris Houston Homes, subject to the existing mortgage held by U.S. Bank. *Id.* ¶ 12. Then, in February 2023, Valifornia purchased the Property from Suniverse, LLC— also subject to the existing mortgage held by U.S. Bank. ECF No. 19 ¶ 13.

On December 15, 2023, after Valifornia obtained its interest in the Property, the 240th District Court of Fort Bend County, Texas, granted U.S. Bank's application for expedited foreclosure under Texas Rule of Civil Procedure 736. ECF No. 21-4 (*In re Order for Foreclosure Concerning 818 Kings Forest Lane Richmond, Texas 77469 Under Tex. R. Civ. P. 736*, No. 23-DCV-300842 (Dec. 15, 2023)). The 240th District Court found that U.S. Bank "should proceed with foreclosure of the Property under the terms of the security interest and Texas Property Code § 51.002 and TEX. R. CIV. PROC. 735 AND 736." *Id.* at 2.

Since the 240th District Court granted U.S. Bank's application for expedited foreclosure, Valifornia has made several attempts to prevent U.S. Bank from foreclosing on the Property. In 2024, after U.S. Bank attempted to foreclose on the Property, Valifornia filed suit in Texas state court and obtained a temporary restraining order to halt the sale. ECF No. 21-5 at 1 (Mem. Op. & Order, *Valifornia Inc. v. U.S. Bank N.A.*, No. 24-2016 (S.D. Tex. Mar. 13, 2025)). U.S. Bank removed the case to federal court. *Id.* As Judge Hanks explained in his March 13, 2025 Memorandum

Opinion and Order, Valifornia "allege[d] that 'the pending foreclosure sale of its Property [was] wrongful' because U.S. Bank 'failed to provide proper notice and opportunity to cure pursuant to Texas Property Code 51.002.'" *Id.* at 1. Valifornia sought "declaratory relief, injunctive relief, actual and exemplary damages, and attorney's fees." *Id.* at 1–2. Judge Hanks dismissed all of Valifornia's claims with prejudice. *Id.* at 4. He held that as a junior lienholder, "Valifornia was not entitled to notice of U.S. Bank's foreclosure sale, and the fact that Valifornia did not receive notice of that sale does not constitute a defect." *Id.* Moreover, Judge Hanks explained that "even if Valifornia were entitled to notice, its factual allegations would still be insufficient to state a cognizable claim," as "claims for violations of statutory foreclosure sale notice requirements 'are cognizable only after a foreclosure[,]'" and no foreclosure had yet occurred. *Id.* (citing *Kew v. Bank of Am., N.A.*, No. 11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012)).

Despite Judge Hanks's dismissal of Valifornia's claims, Valifornia filed another lawsuit against U.S. Bank in October 2025, after U.S. Bank had again attempted to foreclose on the Property. *Valifornia, Inc. v. U.S. Bank, N.A.*, No. 25-5279 (S.D. Tex. Nov. 5, 2025) (Pl. Orig. Pet., ECF No. 1-4). Valifornia alleged that U.S. Bank failed to follow the expedited foreclosure process in Section 736 of the Texas Property Code when it posted the Property for foreclosure sale to occur November 4, 2025. *Id.* ¶¶ 13–14.

Then, after U.S. Bank posted the Property for foreclosure sale for the third time on April 7, 2026, Valifornia initiated the instant action. ECF No. 1-4 ¶ 14. The undersigned held a scheduling conference in the instant action on May 14, 2026. ECF No. 17. During the conference, the parties consented to the undersigned's jurisdiction in both actions pending before the

Houston Division of the Southern District of Texas. *Id.* Both cases were subsequently transferred to the undersigned, and parallel scheduling orders for summary judgment briefing were entered. ECF Nos. 16, 17; *Valifornia*, No. 25-5279 (S.D. Tex. Nov. 5, 2025) (ECF Nos. 14, 15, 18, 19).

In both of the pending cases, Valifornia seeks declaratory judgment that U.S. Bank failed to follow the procedures and notice requirements of Texas Property Code Section 51.002 and Texas Rule of Civil Procedure 736. ECF No. 1-4 at 4–5; *Valifornia*, No. 25-5279 (S.D. Tex. Nov. 5, 2025) (Pl. Orig. Pet. at 4–5). Valifornia also brings claims for breach of contract and violations of Texas Property Code Section 51.002. ECF No. 1-4 at 5–6. All of Valifornia's claims are based on U.S. Bank's alleged failure to send foreclosure notices to Valifornia.

### 2.  *Legal Standard and Analysis*

A temporary restraining order (TRO) is an extraordinary remedy that should only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain either a TRO or preliminary injunction, the movant must clearly show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013); *Black v. NewRez LLC*, No. 24-0028, 2024 WL 1775343, at *1 (S.D. Tex. Apr. 2, 2024), *R. & R. adopted* (S.D. Tex. Apr. 24, 2024). The party moving for a TRO must carry the burden as to all four elements before a TRO may be issued. *Voting for Am.*, 732 F.3d at 386; *Kalkan v. Fed. Nat'l Mortg. Ass'n*

*(Fannie Mae)*, No. 24-2548, 2025 WL 3251620, at *1 (S.D. Tex. Nov. 21, 2025).

To satisfy the first element of likelihood of success on the merits, a movant is not required to prove their entire case. *See Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011). Rather, the court looks to standards provided by the substantive law. *Id.* As to the second element, a plaintiff must show that there is no adequate remedy at law before either a TRO or preliminary injunction may be issued. *See id.* at 600. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *N. Miss. Med. Ctr., Inc. v. Quartiz Techs.*, No. 23-60483, 2025 WL 980568, at *7 (5th Cir. Apr. 1, 2025).

Valifornia is not entitled to a TRO or preliminary injunction. It has not shown that it is likely to succeed on the merits. It is undisputed that Valifornia purchased its interest in the Property subject to U.S. Bank's lien. Valifornia's allegations still show only that it is a junior lienholder to U.S. Bank. There is no evidence or allegation that Valifornia became a debtor under U.S. Bank's lien, or that Valifornia has any relationship whatsoever to U.S. Bank. Judge Hanks has already decided the exact issue presented here—Valifornia, as a mere junior lienholder, is not entitled to notice of U.S. Bank's foreclosure sale. ECF No. 21-5 at 4.

Valifornia argues that "U.S. Bank is required to follow Rule 736 of the Texas Rules of Civil Procedure and obtain a court order authorizing it to post the Property for foreclosure sale." ECF No. 19 ¶ 16. U.S. Bank, however, has already done just that. ECF No. 21-4 ("IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that [U.S. Bank], its successors and assigns, may proceed with foreclosure under the Security Instrument executed by CAROL E. REED and ISAIAH REED . . . .").

During the July 6, 2026 hearing on the instant motion, Valifornia argued that the fact that Suniverse, LLC was named as a respondent in the prior Rule 736 proceeding implies that Valifornia was also required to be named as a respondent. There is no basis in law or in fact for that proposition.

Valifornia's claims under Texas Property Code Section 51.002 are also unlikely to succeed on the merits. At this point, because no foreclosure sale has occurred, Valifornia's claims under Section 51.002 are not cognizable. *Kew*, No. 11-2824, 2012 WL 1414978, at *6. Even if the scheduled foreclosure sale takes place on July 7, 2026, Valifornia can obtain money damages if it succeeds on the merits of its notice-related claims. Accordingly, Valifornia also has not shown that there is a substantial threat of irreparable harm if the injunction is not issued.

### 3. Conclusion

Because Valifornia has not clearly shown that it is entitled to injunctive relief, its Application for Injunctive Relief, ECF No. 19, is **DENIED**.

As discussed during the July 6, 2026 hearing, by **July 10, 2026,** Valifornia may supplement its summary judgment response with authority in support of its third-party beneficiary argument.

Signed at Houston, Texas, on July 6, 2026.

Peter Bray
United States Magistrate Judge

6